# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN CROWLEY,

*Plaintiff,*

vs.

STATE OF NEVADA, *et al.*

*Defendants.*

2:10-cv-00150-KJD-LRL

ORDER

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff John Crowley seeks to raise claims concerning the medical care that he received while in NDOC custody at High Desert State Prison ("High Desert"). According to the allegations of the complaint, which are accepted as true solely for purposes of this review, plaintiff has Parkinson's disease, bipolar disorder, and manic depression. Prior to April 18, 2009, he was incarcerated at Lovelock Correctional Center ("Lovelock"). There he received lithium and Cogentin, a medication used to treat the symptoms of Parkinson's. The lithium was prescribed at 900 milligrams (mg) in the morning, 900 mg at noon and 600 mg at night. However, after being transferred to High Desert on April 18, 2009, plaintiff was advised by a nurse during intake that High Desert only had two pill calls

a day. His medication regime was divided into two daily doses rather than three. Plaintiff thereafter developed complications that put him in a coma for eleven days and required his hospitalization for seven weeks. Plaintiff seeks monetary damages and injunctive relief.

The present complaint does not state a claim upon which relief may be granted and/or fails to state a viable claim upon a nonfictitious defendant upon whom service actually can be ordered.

Plaintiff seeks to bring claims against: (a) the State of Nevada; (b) the Nevada Department of Corrections; (c) NDOC Director Howard Skolnik, in his individual and official capacities; (d) NDOC Medical Director Dr. Bannister, in his individual and official capacities; (e) High Desert Warden Neven; and (f) a multitude of John and Jane Doe health care providers at High Desert.

Plaintiff's claims against the State of Nevada and the Nevada Department of Corrections are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State, or an arm of a State such as NDOC, regardless of the relief sought. *See,e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). The claims asserted against the State of Nevada and NDOC therefore must be dismissed without prejudice under the Eleventh Amendment for lack of jurisdiction over the subject matter.

Plaintiff further fails to present a viable official capacity claim against any individual defendant.

As to the claims for monetary damages, plaintiff may not recover monetary damages from the defendants in their official capacity. First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d

929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).

Plaintiff may seek injunctive relief directed to a state officer in his official capacity. However, plaintiff fails to allege any specific factual allegations supporting his request for "[i]njunctive relief . . . that I be sent to an appropriate medical facility for proper treatment." As discussed above, plaintiff alleges that his medication regimen was changed at High Desert in a manner that caused complications requiring hospitalization. For the period subsequent to that hospital course through to the time of the complaint, plaintiff does not include any factual allegations supporting a claim for injunctive relief directing his transfer to a different facility. That is, plaintiff does not include any allegations, over and above the past alleged error in his medication regimen, that would establish a basis in medical necessity for transfer to a different facility for medical treatment. An order for transfer may not be based solely upon an alleged past error in treatment and alleged continuing *sequelae* from that alleged error that can be treated at plaintiff's current facility. That is, an alleged past error in medical judgment and treatment does not provide a basis for a transfer to a different facility.

The complaint further does not state a claim against defendants Skolnik, Bannister, and Neven in their individual capacity. Plaintiff seeks to base a claim against these officers on their supervisory authority and the unsupported bald allegation that they knew or should have known that allegedly unqualified nurses were changing inmates' medication regimens without a doctor's review and were thereby risking overdose. There is no *respondeat superior* liability under § 1983. An allegation of inadequate supervision is insufficient to establish supervisory liability. A supervisor may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See,e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). Plaintiff alleges no viable basis for imposing liability on either defendant Skolnik, Bannister or Neven.

Service cannot be effected against the remaining John and Jane Doe defendants, who are named only fictitiously, even if, *arguendo*, the complaint otherwise stated a claim against these fictitious defendants in their individual capacity.

In this regard, the allegations in Count I fail to state an Eighth Amendment claim against any of the fictitious defendants other than possibly Jane Doe II.

As to Jane Doe I and John Doe 1, plaintiff alleges that Jane Doe I was the nurse at intake who changed his medication regimen from a three-times-a-day protocol to a two-times-a-day protocol without approval by a physician. Plaintiff makes the conclusory allegation that Jane Doe I knew or should have known that doing so would cause serious harm to him. He alleges that John Doe I was a physician who was deliberately indifferent to his medical needs because John Doe I failed to properly screen his medical file and failed to establish a procedure requiring physician review of every new patient, including with regard to the changing of medication regimens by unqualified nurses.

In order to establish an Eighth Amendment violation, the allegations or evidence must tend to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *E.g., Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* The allegations presented in this case do not support an inference that Jane Doe I was aware that the change in the medication regimen created an excessive risk to plaintiff's health. The allegations further do not support an inference that John Doe I was aware of the change in plaintiff's medication regimen and the risk presented. Mere negligence, misdiagnosis, or difference of opinion as to medical care is insufficient for liability under the Eighth Amendment. *Id.*

As to Jane Doe II, plaintiff alleges that he started exhibiting complications, including bizarre behavior and unresponsiveness, and his cellmate reported the complications to the medical department. According to the allegations of the complaint, Jane Doe II knew or should have known that plaintiff was exhibiting signs of overdose but she denied him any

treatment over several days. The allegation that Jane Doe II should have known that plaintiff was exhibiting signs of overdose fails to state an Eighth Amendment claim as, again, mere negligence or misdiagnosis is insufficient for Eighth Amendment liability. However, the allegation that Jane Doe II knew that plaintiff was exhibiting signs of overdose but refused to provide treatment arguably states an Eighth Amendment claim. However, service may not be pursued as to a fictitious defendant where, as here, the complaint otherwise fails to state a viable claim against any non-fictitious defendant.

As to Jane Doe III, plaintiff alleges that she immediately had him transported for care after his cell mate advised her of plaintiff's condition. Plaintiff cannot recover from a health care provider under the Eighth Amendment who immediately responds to his medical condition.

Plaintiff otherwise fails to state any allegations as to any of the numerous additional John and Jane Doe defendants set forth in the list of defendants at the beginning of the complaint.

Count II further fails to state a claim upon which relief may be granted. Plaintiff seeks to recast the factual allegations described above of inadequate medical care as a denial of procedural due process in violation of the Fourteenth Amendment. He alleges that the complications from the change in his medication regimen constituted an atypical and significant deprivation in relation to the ordinary incidents of prison life. He maintains that he had a liberty interest in proper medical care and that he was punished by the allegedly inadequate medical care without a prior due process hearing. However, plaintiff's constitutional protection in this context arises under the Cruel and Unusual Punishment Clause of the Eighth Amendment, not as a matter of procedural due process. The Due Process Clause provides no greater protection than the specific guarantees of the Eighth Amendment in this context. Count II fails to state a claim.

The court will give plaintiff an opportunity to file an amended complaint presenting a viable claim or claims against at least one nonfictitious defendant upon whom service may be effected.

If plaintiff files an amended complaint, he should note the following. In the space of the complaint form for describing the "nature of the case," plaintiff should briefly summarize – in the space provided – only the most basic allegations of the case, such as, for example, that prison officials were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. The "nature of the case" portion of the complaint form is not the place to set forth extensive and detailed factual allegations. The specific factual allegations instead should be made under one or more of the counts in the complaint.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:10-cv-00150-KJD-LRL, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk shall provide plaintiff with a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief

may be granted against a non-fictitious defendant who is subject to service, a final judgment dismissing this action will be entered.

DATED: November 5, 2010

KENT J. DAWSON
United States District Judge