CATHERINE CORTEZ MASTO
Attorney General
RAELENE K. PALMER
Deputy Attorney General
Nevada State Bar No. 8602
Office of the Attorney General
Public Safety Division
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
Phone: (702) 486-0978
Fax: (702) 486-3773
*Attorneys for Defendants*
*Dr. Robert Bannister, Dwight Neven,*
*Pat Diliddo, Tamiia Grisham, and*
*Jane Balao-Cledera*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOHN CROWLEY, | CASE NO. : 2:10-cv-00150-KJD-LRL |
| Plaintiff, | |
| v. | |
| STATE OF NEVADA, et al., | **MOTION FOR ENLARGEMENT OF TIME (SECOND REQUEST)** |
| Defendants. | |

    The Office of the Attorney General of the State of Nevada, by and through counsel, CATHERINE CORTEZ MASTO, Attorney General, and RAELENE K. PALMER, Deputy Attorney General, on behalf of Defendants DR. ROBERT BANNISTER (sued as Dr. Bannister), DWIGHT NEVEN (sued as Warden Neven), PAT DILIDDO (erroneously sued as Pat Dilido), TAMIIA GRISHAM (erroneously sued as Toma Grisham), and JANE BALAO-CLEDERA (sued as Jane Cledera), (hereinafter "Defendants") hereby respectfully submit the instant MOTION FOR ENLARGEMENT OF TIME (SECOND REQUEST) in the above-referenced matter. This Motion is brought pursuant to Fed.R.Civ.P. 6(b), LR 6-2, the attached Points and Authorities, and the papers and pleadings on file with the Court herein.

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

Plaintiff first commenced an action on or about February 3, 2010, in the United States District Court District of Nevada: *John Crowley vs. State of Nevada; NDOC; Howard Skolnik; Dr. Bannister; Warden Neven; Jane Doe I-III; John Doe I-X*, Case No. 2:10-cv-00151-KJD-LRL, alleging a cause of action pursuant to 42 U.S.C. § 1983, in violation of various Amendments to the United States Constitution. (Court Docket ("CD") #4). On May 5, 2010, the Court screened the Complaint, and dismissed the Complaint without prejudice for failure to state a claim upon which relief could be granted; Plaintiff was given leave to amend within 30 days to correct the deficiencies in the Complaint. (CD #3).

On or about November 30, 2010, Plaintiff filed another Complaint, (CD #5), and then he filed another on or about January 28, 2011, (CD #6) (hereinafter "Amended Complaint"), which this Court screened on April 25, 2010. (CD #9). The Court does not appear to have addressed the Complaint filed as CD #5. *See* CD #9. In the Amended Complaint, Plaintiff names six defendants: Bruce Bannister, Dwight Neven, Pat Diliddo, Tamiia Grisham, Jane Balao-Cledera, and Daniel Sussman. Pursuant to the Court's Order, the Office of the Attorney General accepted service on behalf of all the Defendants accept Daniel Sussman, on May 18, 2011[1]. (CD ## 9, 12). The CM/ECF system then generated a due date of June 17, 2011, by which Defendants must file an answer or otherwise respond to the Amended Complaint.

Defendants requested and received an enlargement of time until August 16, 2011, by which to answer or otherwise respond to Plaintiff's Complaint. (CD ## 13, 14). Defendants are again requesting a small extension of three days until August 19, 2011, for reasons set forth below.

## II. LEGAL ARGUMENT

Fed.R.Civ.P. 6(b)(1)(A) provides, in pertinent part:

> (b) *Extending Time.*
> (1) *In General.* When an act may or must be done within a

---

[1] Service was erroneously accepted on behalf of Howard Skolnik, who is not a named Defendant in the Amended Complaint.

-2-

> specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]

Rule 6(b)(1) allows for a party to move for an enlargement of time, the determination of which lies with the presiding court. "The Court has inherent power and discretion to control its docket, and the proceedings within the cases on its docket." *Ford v. County of Missoula, Mont.*, 2010 WL 2674036, 1 (D.Mont., 2010) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also* Fed.R.Civ.P. 6(b) (advisory committee note, 1946) ("Rule 6(b) is a rule of general application giving wide discretion to the court to enlarge these time limits or revive them after they have expired . . .").

Defendants are requesting a small three-day extension of time to file their Answer or other response to Plaintiff's Complaint before the deadline has expired. Defendants are making this request based upon good cause because while reviewing Plaintiff's medical records, which had been transcribed, counsel for Defendants discovered that a small but relevant portion of the medical records containing Physician's Orders were not transcribed[2]. These documents are important, because they memorialize factual evidence which will enable Defendants to accurately respond to Plaintiff's Complaint. *Id.* Moreover, it is necessary to receive good faith clarification from a physician on these Orders regarding the causation allegations made by Plaintiff before providing their response. *Id.*

In Defendants' first request for enlargement of time, Defendants explained that the Las Vegas Office of the Attorney General Litigation Division had a temporary, forty-percent staff reduction from five to three attorneys in March 2011, (CD #13 at 15-16), and was not fully staffed again until July 2011. The unit is diligently working as quickly as possible on both the previously delayed cases and the recently filed cases to ensure that all pertinent information is received well in advance of the deadlines, but occasionally, as in this case, something is missed, and a second extension becomes necessary. *See* n.2, *supra*.

Therefore, Defendants respectfully request a three-day enlargement of time in which to file an answer or otherwise respond to Plaintiff's Complaint to and including August 19, 2011.

---

[2] *See* Affidavit of RAELENE K. PALMER, attached hereto as "Exhibit A."

-3-

1  This request is made in good faith and not for purposes of delay.

2  **III.    CONCLUSION**

3        Because good cause has been shown, Defendants respectfully request the Court to enlarge the time by which they must file a response to Plaintiff's Complaint pursuant to Fed.R.Civ.P. 6(b) by three days to August 19, 2011.

6        Dated this 16th day of August, 2011.

Respectfully submitted,

CATHERINE CORTEZ MASTO
Nevada Attorney General


By: /s/   RAELENE K. PALMER
     RAELENE K. PALMER
     Deputy Attorney General
     Public Safety Division
     *Attorney for Defendants*


"IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED:   8-17-11                      "

## CERTIFICATE OF SERVICE

I, Haunani Magalianes, hereby certify that I am an employee of the State of Nevada, Office of the Attorney General and that on the 16th day of August, 2011, I served the foregoing **MOTION FOR ENLARGEMENT OF TIME (SECOND REQUEST)** by causing a true and correct copy thereof to be filed with the Clerk of the Court using the CM/ECF system and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

JOHN CROWLEY #72248
LOVELOCK CORRECTIONAL CENTER
1200 PRISON ROAD
LOVELOCK NV 89419

　　　　　　　　　　/s/   Haunani Magalianes
　　　　　　　　　　An employee of the Office of the Attorney General

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

## DECLARATION OF RAELENE K. PALMER

1. I, RAELENE K. PALMER, present this Declaration in support of a motion to extend time to file an answer or other responsive pleading to Plaintiff John Crowley's Amended Complaint in *Crowley v. State of Nevada, et al.*, United States District Court for the District of Nevada Case Number 2:10-cv-00150-KJD-LRL. I have personal knowledge of, and am competent to testify, regarding the matters stated in this Affidavit.

2. I am an attorney licensed to practice in the State of Nevada, and I am admitted to practice in the United States District Court for the District of Nevada.

3. I am currently employed as a Deputy Attorney General at the Nevada Office of the Attorney General, Bureau of Litigation, Public Safety Division, NDOC Unit, in Las Vegas Nevada.

4. While reviewing Plaintiff's medical records, which had been transcribed, I discovered that a small but relevant portion of the medical records containing Physician's Orders were not transcribed.

5. These documents are important, because they memorialize factual evidence which will enable Defendants to accurately respond to Plaintiff's Complaint.

6. Moreover, it is necessary to obtain clarification from a physician on these Orders regarding the causation allegations made by Plaintiff before Defendants provide their response.

7. I aver that the request for a 3-day extension of time in this matter is made in good faith and not for the purposes of delay.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Clark County, Nevada on August 16, 2011.

RAELENE K. PALMER
Deputy Attorney General
Public Safety Division
Bureau of Litigation
Nevada Office of the Attorney General

-1 of 1-